UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTRELL VONICQUE BROWN,

        Petitioner,

v.

SHERRY L. BURT,

        Respondent.

_____/

Case No. 1:18-cv-716

Honorable Janet T. Neff

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition will be dismissed because the Court declines to exercise jurisdiction based upon the concurrent sentence doctrine.

**Discussion**

I.    Factual allegations

Petitioner Antrell Vonicque Brown is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Petitioner is serving sentences imposed by the Wayne County Circuit Court in two separate criminal proceedings.

In Case No. 14-010058-01-FH (herein the controlled substances case), Petitioner was charged with carrying a concealed weapon, Mich. Comp. Laws § 750.227; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; felony firearm, Mich. Comp. Laws § 750.227b; and two counts of possession of a controlled substance (heroin and cocaine<25 grams), Mich. Comp. Laws § 333.7403(2)(a)(v). The prosecutor filed an habitual offender notice. At that time, Petitioner had been previously convicted of at least three felonies. *People v. Brown*, No. 255255. 2006 WL 1006558, at *1 (Mich. Ct. App., Apr. 18, 2006) ("He was sentenced as a third habitual offender . . . .").

In Case No. 14-010558-01-FC (herein the arson case), Petitioner was charged with first-degree arson, Mich. Comp. Laws § 750.72; second-degree home invasion, Mich. Comp. Laws § 750.110a(3); larceny in a building, Mich. Comp. Laws § 750.360; and attempted unlawful driving away of a motor vehicle, Mich. Comp. Laws § 750.413. The prosecutor also filed a habitual offender notice in the arson case.

Petitioner committed the arson offenses during March of 2014. Petitioner committed the controlled substance offenses during November of 2014. Only after Petitioner was arrested for the controlled substance offenses during November of 2014, however, did the prosecutor charge him with the arson offenses.

2

Petitioner was tried first for the controlled substances offenses. On March 24, 2015, after a two-day trial, a jury found Petitioner guilty of all the charges. On March 26, 2015, on the heels of the verdict in the controlled substances case, Petitioner entered a plea of *nolo contendere* to a charge of attempted first-degree arson. The other charges were dismissed. Petitioner suggests that he was promised that the habitual offender designation would be dropped as well.

Petitioner was sentenced in both cases on April 10, 2015. In the arson case, the court sentenced Petitioner to 1 year, 11 months to 5 years, with credit for 158 days already served. In the controlled substances case, the court sentenced Petitioner to 3 years, 10 months to 15 years for each charge except felony firearm.

The legislature removed all discretion from trial judges with regard to felony firearm sentences. A first offense is punishable by 2 years' imprisonment; a second offense is punishable by 5 years' imprisonment; and a third or subsequent offense is punishable by 10 years' imprisonment. Mich. Comp. Laws § 750.227b(1). As this was Petitioner's second felony firearm offense, *People v. Brown*, No. 255255. 2006 WL 1006558, at *1 (Mich. Ct. App., Apr. 18, 2006), the court sentenced him to 5 years, with 158 days credit for time already served. Mich. Comp. Laws § 750.227b(3). Moreover, by statutory mandate, a sentence for felony firearm must be served consecutive to, and before, the sentence(s) for the underlying felony. The sentencing court ordered that Petitioner's sentences in the two cases be served concurrently.

According to the MDOC's Offender Tracking Information System (OTIS), the court sentenced Petitioner in the controlled substances case as an habitual offender-fourth offense, Mich. Comp. Laws § 769.12, the highest habitual offender classification available. OTIS indicates that Petitioner's sentence in the arson case was not enhanced by his status as an habitual offender.[1]

---

[1] *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=367927. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, e.g., Carpenter v.*

3

Petitioner's sentences require him to remain incarcerated for a minimum of 8 years, 10 months for the controlled substances convictions. By the time Petitioner has served his minimum sentences from the controlled substances case, his concurrently served maximum sentence for the arson case will have been completed. Indeed, Petitioner's maximum sentence in the arson case is exactly the same as his felony firearm sentence in the controlled substances case. Those sentences will be entirely served by November 3, 2019.

By way of his petition, Petitioner challenges his conviction and sentence in the arson case. With respect to that case, Petitioner, with the assistance of counsel, filed an application for leave to appeal in the Michigan Court of Appeals. Petitioner also moved to remand to the circuit court so that he might there move to withdraw his plea. The court of appeals denied Petitioner's motion for remand and his application for leave to appeal by order entered February 1, 2016. Petitioner, in pro per, moved the court of appeals to reconsider its denial. The court of appeals denied the motion on May 24, 2016.

Even before the court of appeals ruled on Petitioner's motion for reconsideration, Petitioner turned to the Michigan Supreme Court, filing a pro per application for leave to appeal. That court denied leave initially by order entered January 31, 2017, and then on reconsideration by order entered May 31, 2017. Petitioner indicates that he filed a petition for writ of certiorari in the United States Supreme Court; however, he also indicates that the Supreme Court has not docketed or considered his petition. (Pet., ECF No. 1, PageID.15.)

On June 25, 2018, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the

---

*Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on June 25, 2018. (Pet., ECF No. 1, PageID.14.)

The petition raises 4 grounds for relief, paraphrased as follows:

I. The government breached its plea agreement by using habitual offender enhancements when it sentenced Petitioner.

II. The court denied Petitioner's right to represent himself.

III. Petitioner's trial counsel and appellate counsel rendered ineffective assistance.

IV. The errors were not harmless.

(Pet., ECF No. 1, PageID.6-10.)[2]

## II. Concurrent Sentence Doctrine

The "concurrent sentencing doctrine" invests the court with discretion to decline to hear a substantive challenge to a conviction when the sentence the petitioner is serving on the challenged conviction is concurrent with an equal or longer sentence on a valid conviction. *See United States v. Hughes*, 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989). The doctrine has its origins in appellate practice applicable to direct review of criminal cases. *See Benton v. Maryland*, 395 U.S. 784, 788-91 (1969); *Hirabayashi v. United States*, 320 U.S. 81 (1943). In these cases, the Supreme Court and the Sixth Circuit have declined to review convictions on one count where the presence of a valid concurrent count is sufficient to retain the defendant in custody. *See, e.g., Hirabayashi*, 320 U.S. at 105; *United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976). The standard guiding the court's discretion is whether there is any possibility of an adverse "collateral consequence" if the conviction is allowed to stand. *See*

---

[2] Petitioner seeks additional relief in the documents filed with his petition. Petitioner asks the Court to hold his petition in abeyance pending the exhaustion of state post-conviction remedies. Petitioner asks the Court to remand his controlled substance case for resentencing so that he can present the mitigating factor that he suffers from H.I.V./A.I.D.S.

*Hughes*, 964 F.2d at 541; *Dale*, 878 F.2d at 935 n.3; *see also United States v. Byrd*, No. 89-6448, 1990 WL 116538, at *3 (6th Cir. Aug. 13, 1990); *United States v. Jackson*, No. 99-5889, 2000 WL 1290360, at *2 (6th Cir. Sept. 7, 2000); *United States v. Bell*, No. 95-6479, 1997 WL 63150, at *3 (6th Cir. Feb. 12, 1997).

Although the doctrine has its roots in direct appeals, the federal courts apply it in habeas corpus actions, citing the futility of reviewing a conviction that will not result in a petitioner's release from custody. *See, e.g., Cranmer v. Chapleau*, No. 95-6508, 1996 WL 465025 (6th Cir. Aug. 13, 1996); *Scott v. Louisiana*, 934 F.2d 631, 635 (5th Cir. 1991); *Williams v. Maggio*, 714 F.2d 554 (5th Cir. 1983); *VanGeldern v. Field*, 498 F.2d 400, 403 (9th Cir. 1974). The exercise of the court's discretion depends upon the degree of prejudice that may be attributed to the challenged conviction and, specifically, the effect of any adverse collateral consequence if the conviction is allowed to stand. *Williams*, 714 F.2d at 555. "'[A]dverse collateral consequences' such as 'delay of eligibility for parole, a harsher sentence under a recidivist statute for any future offense, credibility impeachment, and societal stigma[,]'" may be considered. *Buffin v. United States*, 513 F. App'x 441, 448 (6th Cir. 2013). In *Pillette v. Berghuis*, 408 F. App'x 873, 886 n.8 (6th Cir. 2010), the Sixth Circuit also included "an effect on . . . a potential pardon" and "the potential for use as evidence of a prior bad act" as additional adverse consequences. *Id*.

Such remote consequences, however, "are most salient on direct appeal, not on a collateral challenge." *Buffin,* 513 F. App'x at 448. The *Buffin* Court pulled the list of collateral consequences from *United States v. DiCarlo*, 434 F.3d 447, 457 (6th Cir. 2006). The *DiCarlo* court, in turn, quoted the list from *Rutledge v. United States*, 517 U.S. 292, 301-02 (1996). The *Rutledge* Court derived the list of collateral consequences from *Benton v. Maryland*, 395 U.S. 784, 790-91 (1969), and *Sibron v. New York*, 392 U.S. 40, 54-56 (1968). *DiCarlo*, *Rutledge*, *Benton*

and *Sibron* were direct appeals. Moreover, *Benton* and *Sibron* considered the existence of collateral consequences because absent such a consequence there would have been no justiciable controversy in those cases. The *Benton* Court noted that the fact that it could conceive of collateral consequences that might give rise to a justiciable controversy and permit the court to exercise jurisdiction did not deprive the concurrent sentencing doctrine of validity as a rule of judicial convenience. *Benton*, 395 U.S. at 791. The *Benton* Court simply chose to not apply it in that case. *Id*. at 792. *Rutledge* and *DiCarlo* (and the other cases cited in *DiCarlo*) are all double jeopardy cases where the existence of collateral consequences, no matter how slight, creates the multiple punishments barred by the Double Jeopardy Clause. Such slight or remote collateral consequences should not preclude application of the concurrent sentencing doctrine when jurisdictional and double jeopardy considerations are not at issue. If they did, the doctrine would simply disappear.

The present case is appropriate for application of the concurrent sentencing doctrine. Petitioner is serving a sentence for attempted first-degree arson of 1 year, 11 months to 5 years (with credit for 158 days already served) imposed on April 10, 2015. Petitioner is also serving concurrently a felony firearm 5-year sentence (with credit for 158 days already served) imposed on April 10, 2015. The present petition challenges only Petitioner's conviction and sentence for the attempted first-degree arson. Thus, even if the court were to vacate that conviction, the maximum relief available would be invalidation of that sentence, still leaving Petitioner with the balance of his 5-year felony firearm sentence (and then his other consecutive sentences from the controlled substances case). Release from prison would not be available even if the conviction challenged in this petition were vacated.

Moreover, the sorts of collateral consequences that counsel against application of the doctrine seem to be unlikely in Petitioner's case. Petitioner has already worked himself up to

the very peak of Michigan's habitual offender sentencing scheme. Even if Petitioner's attempted arson conviction is overturned his next felony will still place him in the habitual offender-fourth offense category. Mich. Comp. Laws § 769.12. Petitioner's significant criminal history would rob the attempted arson offense of any singular significance in the eyes of a subsequent parole board, jury, or pardoning authority. Moreover, the stigma associated with Petitioner's criminal history is not likely to be meaningfully reduced if Petitioner's attempted arson conviction were removed.

If the concurrent sentencing doctrine retains any vitality—and the Supreme Court and the Sixth Circuit Court of Appeals indicate that it does—this is a case where it should be applied. Accordingly, the Court will exercise its discretion and decline to consider this habeas petition.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to

warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

This Court's dismissal of Petitioner's action under the concurrent sentence doctrine stands entirely separate from the merits of Petitioner's claim. The Court grants Petitioner a certificate of appealability with regard to dismissal under the concurrent sentence doctrine.

The Court will enter a Judgment and Order consistent with this Opinion.


Dated: August 10, 2018                    /s/ Janet T. Neff
                                                             Janet T. Neff
                                                             United States District Judge